IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freida Pollander, | ) | C/A No. 4:09-2508-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Freida Pollander, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on January 21, 2010. The plaintiff has filed timely objections to the Report, and the Commissioner has replied to such objections. The court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

will address the plaintiff's exceptions herein.  It thus appears this matter is ripe for review.

PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on June 5, 2005 alleging disability as of March 24, 2004, due dysthymia, anxiety disorder, somatoform disorder, personality disorder, obesity, cervical and lumbar degenerative disc disease, and osteoarthritis.  The plaintiff was 40 years old at the time of the hearing before the Administrative Law Judge (ALJ).  She has a limited education and past relevant work as a packer, shaper and presser, loom blower, helper for spinners, delivery truck driver, inspector, and hand packager.

The plaintiff's applications were denied initially and on reconsideration.  The ALJ held a hearing and later issued a decision on September 26, 2008, concluding that the claimant was not disabled.  Plaintiff filed a request for review which the Appeals Council denied, thereby making the ALJ's decision final for purposes of judicial review.  Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion. It consists of more than a mere scintilla of evidence but

> may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment or combination of impairments that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of

production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## DISCUSSION

### *The ALJ's Findings*

In his decision of June 20, 2007, the ALJ made the following findings: At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step 2, the ALJ found plaintiff had the following severe combination of impairments: dysthymia, anxiety-related disorder, somatoform disorder, personality disorder, obesity, cervical and lumbar degenerative disc disease, degenerative joint disease, and osteoarthritis. At step three, the ALJ found plaintiff's impairments did not meet or medically equal any impairments in the Listings.

The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform simple tasks at the sedentary level, with the ability to vary tasks and not stand in one place. The ALJ found plaintiff could not return to her past relevant work , but that she could perform other work existing in the national economy.

4

*The Plaintiff's Argument*

The plaintiff contends that the ALJ erred: (1) by relying on the testimony of the vocational expert (VE) when a conflict existed; (2) failing to include limitations and explain how the severe impairments were considered in the RFC findings; (3) rejecting the opinion of the consulting psychologist; and (4) error by the Appeals Council in failing to set forth its rationale regarding the additional evidence presented to it.

*VE Testimony*

The plaintiff first argues that the ALJ committed reversible error when the ALJ failed to ask the VE whether his testimony was consistent with the Dictionary of Occupational Titles (DOT) and failed to obtain a reasonable explanation for the conflict and explain how it was resolved.

The Magistrate Judge observes that SSR 00-4p sets out the ALJ's duty to ask the VE to identify and explain any conflicts with the DOT. Essentially, the ALJ must resolve any conflict of occupational evidence between the VE and the DOT before the ALJ can rely on the VE to support a determination about whether the claimant can perform work.

The Magistrate Judge has reviewed the hearing transcript and concludes that while the ALJ may not have expressly asked the VE if there was a conflict, the VE explained the conflict when responding to the hypothetical. The Magistrate Judge suggests that any error by the ALJ was harmless because the VE testified to how the jobs were described in the DOT, but gave numbers for how the jobs could be performed at the sedentary level based on her expertise. The ALJ also found that even though the DOT lists the job of electrical assembler as light in the DOT, it is actually performed at the sedentary level in the VE's

5

experience.

The plaintiff objects to the Magistrate Judge's conclusion of harmless error and cites case law from the South Carolina federal courts in support of plaintiff's contention that the ALJ did not ask for, and the VE did not provide, a reasonable explanation for the conflicts.

In *Hornsby v. Astrue*, 2009 WL 8900653 (D.S.C.), the district court found it was error for the ALJ to rely upon VE testimony instead of the DOT without explicitly inquiring as to the basis of the VE's testimony. In *Mealing v. Astrue*, 2009 WL 2144421 (D.S.C.), the district court reached a similar conclusion, finding that the "reasonable explanation" provided by the VE was simply an affirmative answer to the ALJ's question as to whether the conflicting answer was based upon his personal expertise

Here, the Magistrate Judge concludes that the ALJ contemplated the conflict and that any technical failure to comply with SSR 00-4p amounts to harmless error. The plaintiff disagrees that the error was merely technical. The plaintiff indicates that while there may be a reasonable explanation for the VE's conflicting testimony, she is entitled to have the ALJ confirm the existence of the conflict, obtain a reasonable explanation for the conflict and set out in the decision her basis for relying on the VE's testimony rather than the DOT. The court finds this objection to be well-taken and will remand the action for further consideration on this basis.

Although the action will be remanded, the court will address the remaining issues raised in the plaintiff's objections.

*Residual Functional Capacity*

The plaintiff contends that the ALJ erred by failing to include limitations from

6

acknowledged severe impairments and failed to offer any explanation of how these severe impairments were considered.  As a result, the plaintiff argues that the ALJ cannot rely on the VE's response to a hypothetical question because it does not incorporate all relevant medical conditions.  Specifically, the plaintiff objects to the ALJ's exclusion of a discussion on the impact of pain, stress, social impairments, medication side effects, vision problems, concentration problems, persistence or pace, fatigue, or inability to sustain activities on an ongoing basis.  The plaintiff asserts error in the ALJ's decision such that it is void of an explanation on these issues.

The Commissioner asserts that the ALJ properly accounted for plaintiff's impairments by limiting plaintiff to sedentary work, with simple tasks, and the need to change positions.

The Magistrate Judge suggests that plaintiff's argument fails because the ALJ properly considered the criteria of listing 12.04, 12.06, 12.07 or 12.08, finding that the plaintiff's mental impairments do not meet or medically equal the criteria of these listings, and by limiting her tasks.  Further, the Magistrate Judge finds that the ALJ properly considered and provided an explanation of how plaintiff's mental impairments were considered.

In her objection memorandum, the plaintiff contends that the Commissioner's ex post facto rationalization does not correct the error of the ALJ.  The Commissioner, in his reply to the plaintiff's objections, argues that these alleged symptoms were not "acknowledged severe impairments" or even separate and distinct medically determinable impairments. Furthermore, the ALJ considered these symptoms when assessing credibility and RFC.  The court agrees with the Magistrate Judge as to the RFC assessment.

With regard to consideration of the plaintiff's obesity, the Magistrate Judge notes that the ALJ found the obesity to be a severe impairment, provided reasoning for the finding, and presented limitations in plaintiff's RFC. Thus, the Magistrate Judge opines that there is substantial evidence to support the ALJ's decision. The plaintiff does not raise an objection to this opinion.

*Opinion of Consulting Psychologist*

In her complaint, plaintiff argues that the ALJ's reasons for rejecting the opinion of the consulting psychologist are not supported by substantial evidence in the record. The ALJ here found that the psychologist relied on subjective complaints, after examining the plaintiff once, and that plaintiff's statements to the psychologist were inconsistent with her statements to other medical providers and in her testimony at the hearing.

The Magistrate Judge concludes that the ALJ provided a detailed discussion of the opinions of the plaintiff's consulting psychologist and her treating physician, as well as explaining the weight given and reasons for his decision. Therefore, the Magistrate Judge opines that the ALJ's decision was based on substantial evidence.

The plaintiff objects to the Report and Recommendation contending it "misses the mark." Plaintiff asserts that the ALJ's error is not in a lack of explanation, but in that the record does not support the ALJ's alleged three reasons for rejecting the findings of the consulting psychologist. The court disagrees and accepts the Report and Recommendation in regard to the consulting psychologist's opinion.

*Evidence submitted to the Appeals Council*

Plaintiff asserts that the case should be remanded because the Appeals Council did not

8

provide its reasoning for denying her appeal after additional evidence was presented to it. Despite counsel's statement at the hearing that all pertinent evidence had been submitted, counsel presented approximately 90 pages to the Appeals Council almost a year after the hearing which consisted of medical treatment notes, of which all but a couple post-dated the ALJ's decision in September 2008.

The Magistrate Judge notes the split among the South Carolina district courts as to whether the Appeals Council must make an assessment of additional evidence in its decision to deny review. Indeed, this court has, on several occasions, remanded cases to the Commissioner, to articulate its reason for rejecting new, additional evidence, in instances when this court could not determine from the record whether the decision was based on substantial evidence. However, in this instance, the plaintiff cannot provide sufficient argument that the additional evidence presented to the Appeals Council was new, material, or related to the period on or before the date of the ALJ's decision. For this reason, the undersigned agrees with the Magistrate Judge that a remand on this basis is unwarranted. Further, the plaintiff has not lodged an objection to the Magistrate Judge's finding.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds that the ALJ's decision was not supported by substantial evidence.

Accordingly, the Commissioner's decision is reversed and remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings set forth above.

IT IS SO ORDERED.

March 22, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

10