IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freida Pollander, ) | C/A No. 4:09-2508-JFA |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon motion of the plaintiff, through his attorney, Paul T. McChesney, for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He suggests that the plaintiff is the prevailing party in this action for social security benefits and that the position of the Commissioner was not substantially justified. Counsel seeks fees in the amount of $13,257.

The Magistrate Judge to whom this matter was referred filed a Report and Recommendation suggesting that position of the Commissioner should be sustained. Plaintiff timely filed objections to the Report and Recommendation, contending that the ALJ erred in four different respects. Acting upon these objections, this court agreed with the plaintiff on the first ground of error (relating to the testimony of the Vocational Expert) and decided to remand the action to the ALJ for further consideration. Although the action was remanded on this basis alone, the court nevertheless addressed the remaining three grounds of error and agreed with the Commissioner as to the additional grounds.

The initial fee petition sought an attorney's fee in the amount of $13,257, representing

1

71.90 hours of time (at the rate of $180 per hour) and 3.5 hours of paralegal time (at the rate of $90 per hour). Before the court could rule upon the motion, the plaintiff filed an amendment to the EAJA petition, reducing the amount of attorney's fees requested from $13,257 to $6,500. After carefully considering the entire record in this case, this court concludes that the Commissioner has met his burden of proving that its position taken in this case was substantially justified. For this reason, the court will deny the attorney's fee award requested.

The test for substantial evidence under the Social Security Act is not the same as the test for substantial justification under the EAJA. Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,' " "the standard requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act." *Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir.1991)

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

2

(citing *Pierce*, 487 U.S. at 565-66).

When determining whether Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir.1993).

The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir.2002) (citing *Comm'r v. Jean,* 496 U.S. 154, 163 (1990)).

Moreover, the could should not only consider the "position taken by the United States in the civil action, but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court has concluded that the position of the Commissioner was substantially justified.

The court commends plaintiff's counsel for voluntarily reducing the amount of the request by more than 50 percent. Nevertheless, the court has carefully reviewed the record in this case and has determined that the Commissioner's position was substantially justified. Initially, it should be noted that this case presents a situation where this court disagreed with the Report and Recommendation of the Magistrate Judge. It did so, however, relying upon one ground of error alone. As to the remaining three, as noted above, the court agreed with the Magistrate Judge that the position taken by the Commissioner was correct.

Focusing upon the one issue that prompted the reversal and remand, the plaintiff argued, and this court agreed, that the ALJ committed reversible error when the ALJ failed

to ask the Vocational Expert (VE) whether his testimony was consistent with the Dictionary of Occupational Titles (DOT), and failed to obtain a reasonable explanation for the conflict and explain how it was resolved. The Magistrate Judge reviewed the hearing transcript and concluded that while the ALJ may not have expressly asked the VE if there was a conflict, the VE explained the conflict when responding to the ALJ's hypothetical. The Magistrate Judge thus suggested that any error that might have occurred was harmless in the final analysis. On this record, the court agreed with the plaintiff that case law from South Carolina federal courts supports the plaintiff's contention that the ALJ should ask for, and the VE should provide, a reasonable explanation for the conflicts. The court disagreed with the Magistrate Judge that the error was "merely technical." That having been said, the fact remains that this case presented an extremely close call. Because of this, the court is determined that the position taken by the Commissioner was substantially justified and it would not be appropriate to award EAJA fees in this case.

For the foregoing reasons, the plaintiff's motion for attorney's fees is respectfully denied.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

July 22, 2011                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

4